UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL SCOTT KLEIN,<br><br>       Plaintiff,<br> v.<br>GREGORY BRYAN, *et al.*,<br><br>       Defendants. | Case No. 3:19-cv-00300-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Paul Scott Klein, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Gregory Bryan, Benjamin Estill, Louie Gallo, Javier Garcia, and Sean Hankerd. (ECF No. 53 at 1.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (*id.*), recommending the Court grant Defendants' motion for summary judgment (ECF No. 46 ("Motion")). Klein filed an objection to the R&R.[1] (ECF No. 54 ("Objection").) Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion, Klein merely reiterates the arguments Judge Baldwin correctly rejected in the R&R in his Objection—and as further explained below—the Court will overrule the Objection, adopt the R&R in full, and grant the Motion.

**II. BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual and procedural background provided in the R&R, which the Court adopts. (ECF No. 53 at 1-8.) Klein is proceeding on a First Amendment retaliation claim based on a cell search and an Eighth Amendment deliberate indifference to serious medical needs claim for failure to

---

[1]Defendants filed a response. (ECF No. 55.)

treat the Hepatitis-C virus ("HCV") in Klein. (*Id.* at 1-2.)

Judge Baldwin recommends that the Court grant Defendants' Motion as to Klein's First Amendment claim because the evidence before the Court shows that the challenged cell search reasonably advanced the legitimate correctional goal of keeping contraband and excess property out of cells. (*Id.* at 11-12.) Judge Baldwin notes as pertinent to her analysis that the search yielded contraband, and that Klein's cellmate also received a notice of charges because of the confiscated items. (*Id.*) Judge Baldwin further recommends that the Court grant Defendants' Motion as to Klein's Eighth Amendment claim because the evidence before the Court shows that Defendants monitored and treated Klein's HCV, and because Klein does not proffer any admissible medical evidence supporting his allegations that any delay in treatment caused him tangible harm attributable to the delay. (*Id.* at 15-17.)

**III.  DISCUSSION**

The Court's review is de novo because Klein objects to the two principal conclusions Judge Baldwin reaches in the R&R. (ECF No. 54.) *See* 28 U.S.C. § 636(b)(1) (providing that the Court is required to "make a de novo determination of those portions of the [R&R] to which objection is made.") While the Court finds neither of them persuasive, the Court briefly addresses below the two arguments Klein raises in his Objection in the order he makes them.

**A.  Eighth Amendment**

Klein first argues that he proffered admissible evidence to support his claim that the delay in HCV treatment he experienced caused him to develop cirrhosis of the liver. (ECF No. 54 at 8-12.) But to start, the allegation that the treatment delay caused him harm is not in his operative complaint, where Klein instead alleges that his HCV was not treated at all. (ECF No. 24 at 4.) The evidence that Klein was treated for HCV is undisputed. (ECF No. 53 at 14-15 (summarizing evidence).)

As to delay, and contrary to Klein's argument in his Objection (ECF No. 54 at 9), Klein's proffered evidence does not establish that Defendants' alleged delay in treatment

2

of his HCV caused Plaintiff to develop cirrhosis. Indeed, Klein's statement in his affidavit that the delay of approximately a year from the time he was diagnosed with HCV until he received treatment continued to damage his liver is not supported by any medical records. (ECF No. 50-1 at 9.) And even construing Klein's narrative in his affidavit in the light most favorable to him, it appears that Klein has unfortunately suffered from liver issues for some time—but his narrative does not establish that the delay from diagnosis to treatment of his HCV specifically caused cirrhosis. (*Id.* at 9-11.)

Moreover, while it is true that Klein attached several exhibits to his opposition to Defendants' Motion that speak generally to the harm caused by delay in HCV treatment, as Judge Baldwin found, those exhibits focus generally on treatment of HCV and NDOC's policy, but do not address whether Plaintiff specifically suffered any harm because of an alleged delay in treatment. (ECF Nos. 50-3, 50-4, 50-5, 53 at 16.) In addition, an intent to call supporting witnesses does not, on its own, constitute evidence that may be considered on summary judgment. *See* Fed. R. Civ. Pro. 56(c)(1)(A).

The Court therefore agrees with Judge Baldwin's determination that Klein has failed to meet his burden in establishing a genuine issue of material fact as to whether Defendants' delay in Klein's HCV treatment caused Klein harm. *See Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2022) (explaining "deliberate indifference" prong); *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (requiring causation to establish deliberate indifference); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (requiring a showing of harm caused by the indifference). Accordingly, the Court adopts Judge Baldwin's recommendation that Defendants' Motion be granted as to Klein's Eighth Amendment claim for deliberate indifference to a serious medical need.

### B.     First Amendment

Klein next objects to Judge Baldwin's recommendation that the Court also grant summary judgment to Defendants on his First Amendment retaliation claim, but points only to his own affidavit to argue that Judge Baldwin erred. (ECF No. 54 at 13-14.) However, Judge Baldwin addressed Klein's affidavit in the R&R. (ECF No. 53 at 12.) And

3

Judge Baldwin explained therein that even Klein's proffered portions of his affidavit do not address the fact his cellmate was also served a notice of charges, and the cell search yielded contraband, both of which are accordingly uncontested pieces of evidence supporting Judge Baldwin's finding that there was a legitimate correctional goal behind the cell search leading to Klein's claim. (*Id.* at 11-12.) Klein's Objection is thus also unpersuasive as to his First Amendment retaliation claim.

In sum, the Court overrules the Objection and will accept and adopt the R&R in full.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Klein's objection (ECF No. 54) to the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin is overruled. The Report and Recommendation (ECF No. 53) is therefore accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 46) is granted.

The Clerk of Court is directed to enter judgment accordingly—in Defendants' favor—and close this case.

DATED THIS 1st Day of December 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE